EASTERN DIS.
*March,* 1834.

ROBERTSON
*vs.*
BOSQUE ET AL.

---

### ROBERTSON *vs.* BOSQUE ET AL.

APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW-ORLEANS.

Where the plaintiff by an order of the Parish Court of the parish and city of New-Orleans, had enjoined the payment of the proceeds of a steam boat, sold by order of the City Court, without making those persons

parties, who were interested in opposing the plaintiff's claim, *held* such an injunction was properly dissolved on the intervention of one of the judgment creditors in the City Court.

EASTERN DIS.
*March*, 1834.

ROBERTSON
*vs.*
BOSQUE
ET AL.

Damages will not be given where the appellant can be supposed to have entertained an honest doubt.

An action was instituted in the Parish Court against Theophilus Bosque and Agenor Bosque, as owners of the steam boat Atlas. The plaintiff claimed a privilege on the steam boat for upwards of fifteen hundred dollars, which he alleged was due him for his wages on that boat, in the capacity of engineer. The boat was provisionally seized for this claim.

In a supplemental petition, the plaintiff stated that the boat since her seizure under the order of the Parish Court, had been sold by the marshal of the City Court of New-Orleans, and the proceeds remained in the hands of that officer: that several orders from the City Courts to pay over to other claimants had been served on the marshal, and there was danger of the plaintiff losing his debt. He obtained an injunction preventing the marshal from paying over the proceeds then in his hands.

The defendants answered, pleading the general issue, and denying that they owned the steam boat.

A rule was next obtained on the plaintiff, by John Martin, to show cause why the injunction should not be dissolved, on the grounds that it had issued contrary to law, and the proceeds of the sale had not been so placed as to enable the Parish Court to dispose of them.

The judge *a quo* sustained the motion to dissolve. The plaintiff died. The curator of his estate who appeared, having failed to obtain a new trial, appealed.

*Buchanan*, for plaintiff and appellant, relied on the following points and authorities:

The extent of the jurisdiction of the City Court of New-Orleans, is three hundred dollars. See *Moreau's Digest*, 1*st vol. page* 345, *sec.* 9.

EASTRRN DIS.
*March,* 1834.

ROBERTSON
*vs.*
BOSQUE
ET AL.

The claim of plaintiff was for fifteen hundred dollars, or thereabouts, and a privilege was alleged in the petition. It is evident that this sum exceeded the competence of the City Court, and could not be decided in said Court. One of two things was, therefore, to take place, either the plaintiff had a right to resort to a tribunal competent to decide upon his demand, and in order to make such resort effectual, had a right to stop the proceeds of the thing upon which he claimed a privilege, until that claim could be investigated, contradictorily with the parties interested: or, the previous seizure of the steam boat, by virtue of process from the City Court, barred the claims of creditors above three hundred dollars, and left them without a remedy against the thing which the law made bound for the debt, by article 3204 of the *Civil Code of Louisiana.*

The article 285 of the *Code of Practice,* clause 3d, and article 289 of the same *Code,* gives to persons engaged in the navigation of vessels trading within the state, the right of provisionally seizing such vessels for arrears of wages. Can it be contended that a prior seizure, by a court whose jurisdiction is limited to a certain sum, shuts out from all share in the distribution of proceeds, all persons whose claims exceed such limit? Suppose that the first seizure was made by the Parish Court of New Orleans; creditors for an amount below one hundred dollars, might intervene and lay their claims at an amount exceeding that sum. Judgment would be rendered in their favor only for the amount due them, the surplus which should have been alleged *merely to* give the court jurisdiction, being rejected. But suppose this plaintiff to have intervened in the City Court. To do so, he must have thrown off all that he claimed exceeding three hundred dollars, and could in no event have recovered more than that sum, which the City Court was competent to adjudge him. Here is shown a manifest inequality, to the disadvantage of the larger creditor.

The decision in the case of *Oger* vs. *Dannoy,* turned upon the 429th article of the *Code of Practice,* which declares that the manner of executing a judgment is to be determined by

the Court that has rendered it.  7 *Martin, N. S.* 658.  In
this case, our claim is totally unconnected with every thing
that has taken place in the City Court.

The case of *Gasquet* vs. *Johnson,* 1st *Louisiana Rep.* 432, is
also inapplicable.  The present appeal does not relate to the
claim against the owners of the Atlas, and is not intended
to effect a *concurso* in regard of them, but turns upon the claim
*in rem,* given to the plaintiff by the articles of the *Code of
Practice* already cited, which claim is attempted to be taken
from the plaintiff by the parties in the City Court.

The injunction sued out in the present case, is warranted
by the 300th article of the *Code of Practice,* and follows the
formalities laid down in article 304.

*T. Slidell* and *Mace, contra,* relied on the following points
and authorities.

1. The injuction was illegally issued, the Parish Court
having no authority to enjoin the proceedings in the City
Court.  Article 127 *Code of Practice.*  The Parish and City
Court of New-Orleans has a concurrent jurisdiction with
the 1st District Court, subject to the same restrictions and
rules.  Article 295.  This opposition is a demand brought
by a third person, not originally a party in the suit, for the
purpose of arresting the execution of an order of seizure, on
judgment rendered in such suit, or to regulate the effect of
such seizure in what relates to him.  Article 397.  This
opposition must be made before the court which has granted
the order of seizure on the judgment, in virtue of which the
provisional seizure has been effected.  *Oger* vs. *Daunoy,* 7
*N. S.* 656.  The court of the 1st district cannot enjoin the
execution of a judgment from the city courts of New-
Orleans.  In this case the above articles of the *Code of
Practice* are illustrated and enforced.  Creditors' rights are in
concurrence only in cases of actual insolvency by a voluntary
or forced surrender on the part of a debtor.  *Gasquet et al.*
vs. *Johnson et al.*  1 *Louisiana Rep.* 432.  See, also, *Code of
Practice* 617, 629.  See, also, *article* 401.

EASTERN DIS.
*March*, 1834.
ROBERTSON
*vs.*
BOSQUE
ET AL.

2. Even if the injunction had been improperly issued, yet the plaintiff in injunction, was guilty of neglect in not taking the proper measures, by citation or otherwise, to bring the parties claimants in the City Court before the Parish Court. They are in no way made parties to the injunction suit, either by the prayer of the petition, or by subsequent proceedings. This was a laches on the part of the plaintiff, which, even if the Parish Court had authority to grant the injunction, would have justified its dissolution. Such opposition must be made by motion, of which due notice must be given, *both to the party who has made the seizure,* and to the Sheriff. *Article* 432.

MARTIN, J., delivered the opinion of the court-

The plaintiff's claim is for wages, as engineer. He obtained an order for the seizure of the boat, she was accordingly seized, but delivered afterwards to the city marshal's order, as he had before sold her, the plaintiff consenting thereto on the promise of the marshal to hold the proceeds of the sale, until the plaintiff's and the purchaser's claims were finally determined on.

On a supplemental petition, the plaintiff stating the sale of the boat and the claims of several persons as creditors, on judgments obtained before the City Court and Associate Judges, obtained an injunction to the city marshal, prohibiting him from paying the proceeds of the sale, or any part thereof, until the further order of the Parish Court.

Martin, who had obtained a judgment in the City Court, obtained a dissolution of the injunction, and the plaintiff having in the mean while died, the curator of his estate appealed.

Admitting that the City Court's interference, in the disposal of the proceeds of the sale of a boat in the hands of the city marshal was legal, it is clear the injunction was properly dissolved, as none of the persons having in these proceeds an interest, adverse to that of the plaintiffs, were made parties, and no step was taken to have these proceeds placed at the disposal of the Parish Court.

Where the plaintiff by an order of the Parish Court of the parish and city of New-Orleans, had enjoined the payment of the proceeds of a steam boat, sold by order of the City Court, without making those persons parties who were interested in opposing the plaintiff's claim, *held* such an injunction was properly dissolved on the intervention of one of the judgment creditors in the City Court.

Damages are asked for the frivolous appeal, but this appears to us to be a case in which the curator may be supposed to have entertained an honest doubt.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed with costs.

EASTERN DIS.
*March,* 1834.

Damages will not be given where the appellant can be supposed to have entertained an honest doubt.